IN THE UNITED STATES DISTRICT COURT FILED
FOR THE DISTRICT OF COLORADO
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 14 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-00601-BNB

TIMOTHY HATTEN,

    Plaintiff,

v.

R. ANDERT,
A. BARKER,
J.C. HOLLAND,
SARA REVELL,
BLAKE R. DAVIS,
D.J. HARMON,
J. CHAVEZ,
HARRELL WATTS,
G. MALDONADO, JR.,
M. GUITIERREZ,
MICHAEL K. NALLEY,
N. FIELDS,
E. ALEXANDER,
J.P. YOUNG,
RICHARD W. SCHOTT,
M. WACKER,
B. EISCHEN,
V. VISIL,
D. BORGERS,
B. OLMSTEAD,
CARL LAFARGUE,
GREGORY KIZZIAH,
MARNE BOYLE,
J. CRAMER, and
KEN EVERHART,

    Defendants.

## ORDER TO FILE SECOND AND FINAL AMENDED COMPLAINT

Plaintiff, Timothy Hatten, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution in

Oakdale, Louisiana. Mr. Hatten filed a *pro se* Prisoner Complaint alleging that his constitutional rights have been violated. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915. On April 8, 2010, Magistrate Judge Boland reviewed Mr. Hatten's complaint and determined that it was deficient because it failed to comply with Rule 8 of the Federal Rules of Civil Procedure, and because it failed to allege the personal participation of all named defendants. Accordingly, Magistrate Judge Boland ordered Mr. Hatten to file an amended complaint, which Mr. Hatten filed on April 27, 2010.

The Court must construe Mr. Hatten's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. **Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Hatten will be directed to file a second and final amended complaint.

The Court has reviewed Mr. Hatten's amended complaint and finds that it again does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See* **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See* **TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir.

1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Hatten fails to set forth a short and plain statement of his claims showing that he is entitled to relief. In his first claim, he sets forth an extended and unnecessary discussion of often insignificant details and legal argument rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). Mr. Hatten's first claim provides a long and rambling catalogue of different grievances and events involving at least twenty of the defendants. In contrast, Mr. Hatten's second claim is not asserted against any of the named defendants. As a result, the Court finds that Mr. Hatten's claims are repetitive, verbose and confusing. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Hatten fails to understand that it is his responsibility to present his claims in a manageable format that allows the Court and the Defendants know what claims are being asserted and to be able to respond to those claims. Mr. Hatten must allege,

simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

As Magistrate Judge Boland explained in the April 8 order for an amended complaint, in order to state a claim in federal court, Mr. Hatten "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Hatten will be given a final opportunity to cure the deficiencies in his amended complaint by submitting a second and final amended complaint that complies with Fed. R. Civ. P. 8, and that alleges the personal participation of each named defendant. He will be directed to do so below. Accordingly, it is

ORDERED that Plaintiff, Timothy Hatten, **within thirty (30) days from the date of this order**, file a second and final amended complaint that complies with this order

and with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that the second and final amended complaint shall be titled "Second and Final Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Hatten, together with a copy of this order, two copies of the following form to be used in submitting the third and final amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Hatten fails to file a second and final amended complaint that complies with this order within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 14th day of May, 2010.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00601-BNB

Timothy Hatten
Reg No. 27993-004
FCI - Oakdale
P.O. Box 5000
Oakdale, LA 71463

I hereby certify that I have mailed a copy of the **ORDER** and **two copies of the Prisoner Complaint** to the above-named individuals on 5/14/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk