IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00601-BNB

TIMOTHY HATTEN,

Plaintiff,

v.

R. ANDERT,
A. BARKER,
J.C. HOLLAND,
SARA REVELL,
BLAKE R. DAVIS,
D.J. HARMON,
J. CHAVEZ,
M. WACKER,
V. VIGIL, and
B. EISCHEN,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 0 1 2010

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO ASSIGN CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Timothy Hatten, is a prisoner in the custody of the Bureau of Prisons and is currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. Mr. Hatten initiated this action by filing a *pro se* Prisoner Complaint pursuant to **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971), asserting that his rights under the United States Constitution have been violated. Mr. Hatten has been granted leave to proceed *in forma pauperis*.

On April 8, 2010, Magistrate Judge Boyd N. Boland determined that the Complaint was deficient because it failed to comply with the pleading requirements of Federal Rule of Civil Procedure 8 and failed to allege the personal participation of all

named Defendants. Magistrate Judge Boland, therefore, ordered Mr. Hatten to file an Amended Prisoner Complaint within thirty days. Mr. Hatten submitted an Amended Prisoner Complaint on April 27, 2010.

On May 14, 2010, Magistrate Judge Craig B. Shaffer determined that the Amended Complaint was deficient because it again failed to comply with the pleading requirements of Rule 8 and failed to allege the personal participation of all named Defendants. Magistrate Judge Shaffer, therefore, ordered Mr. Hatten to file a Second and Final Amended Prisoner Complaint within thirty days. After receiving several extensions of time, Mr. Hatten filed a Second Amended Complaint on August 17, 2010.

The Court must construe the Second Amended Complaint liberally because Mr. Hatten is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Second Amended Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2 at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.* For the reasons set forth below, the Second Amended Complaint will be dismissed in part.

Although the Second Amended Complaint is not a model of clarity, Mr. Hatten appears to assert two claims. First, he alleges that Defendant R. Andert assaulted him on September 9, 2008 as Mr. Hatten was being escorted to a disciplinary hearing. Second Amended Complaint at 6-7. He alleges that Defendant Andert "ramm[ed] [his]

head and torso into the wall . . . ." *Id.* at 7. Next, Plaintiff alleges that he informed Defendants Harmon, Holland and Vigil of the assault and requested placement in protective custody, but Defendants Harmon, Holland and Vigil refused to help him. *Id.* at 8. Mr. Hatten also asserts that he asked Defendant Chavez to perform an investigation of incident, but Defendant Chavez simply destroyed the videotapes documenting the assault by Defendant Andert. *Id.* at 9. In his second claim, Mr. Hatten asserts that on January 14, 2009 Defendant Wacker attempted to force him to return to the general population unit. *Id.* at 10. After Mr. Hatten refused, Defendant Wacker called a "use of force team" and caused Mr. Hatten to be strip searched and placed in "ambulatory restraints" for three days. *Id.* Mr. Hatten alleges that Defendant Eischen wrote a "spurious and fraudulent incident report" in relation to this event. *Id.* Mr. Hatten asserts that on January 20, 2009 he was escorted a disciplinary hearing, where Defendant Andert again assaulted him and then placed him back in restraints for another four days. *Id.* at 11. Mr. Hatten further alleges that, in retaliation for his refusal to return to the general population, Defendants Barker and Vigil used false information to have Plaintiff transferred to the Federal Correctional Institution in Oakdale, Louisiana, where he was forced to participate in the "Gang Member Special Management Unit Program." *Id.* at 12. Mr. Hatten asserts that his Eighth Amendment rights have been violated by all named Defendants, and he seeks damages in addition to injunctive relief.

However, the Court notes that Mr. Hatten is suing Defendants Sara Revell and Blake R. Davis because these Defendants allegedly are responsible for the constitutional violations committed by other individuals and because they denied

administrative grievances filed by Mr. Hatten. These allegations fail to establish the personal participation of Defendants Revell and Davis. Mr. Hatten was previously warned by Magistrate Judges Boland and Shaffer that personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

The Tenth Circuit Court of Appeals, moreover, has repeatedly noted "that 'the denial of . . . grievances alone is insufficient to establish personal participation in the alleged constitutional violations'" of other defendants. **Whitington v. Ortiz**, 307 Fed. Appx. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished decision) (quoting **Larson v. Meek**, 240 Fed. Appx. 777, 780 (10th Cir. June 14, 2007) (unpublished decision)). Mr. Hatten has failed to allege an affirmative link between the alleged constitutional violations and these Defendants. Because Mr. Hatten fails to assert that Defendants Revell and Davis personally participated in violating his constitutional rights, Defendants Sara Revell and Blake R. Davis are improper parties to the action and will be dismissed.

The Court will not address at this time the merits of Mr. Hatten's Eighth Amendment claims against the remaining Defendants. Instead, this action will be

assigned to District Judge Christine M. Arguello, pursuant to D.C.COLO.LCivR 40.1C.1., and to Magistrate Judge Michael J. Watanabe. See D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that Defendants Sara Revell and Blake R. Davis are dismissed as parties to this action. It is

FURTHER ORDERED that the Clerk of the Court remove the names of Sara Revell and Blake R. Davis as parties to this action. It is

FURTHER ORDERED that this case shall be assigned to District Judge Christine M. Arguello, pursuant to D.C.COLO.LCivR 40.1C.1, and to Magistrate Judge Michael J. Watanabe.

DATED September 1, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00601-BNB

Timothy Hatten
Reg No. 27993-004
USP – Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/1/10

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk