IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 10-cv-00601-CMA-MJW

TIMOTHY HATTEN,

    Plaintiff,

v.

R. ANDERT,
A. BARKER,
J.C. HOLLAND,
D.J. HARMON,
J. CHAVEZ,
M. WACKER,
V. VIGIL, and
B. EISCHEN,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff Timothy Hatten is a prisoner in the custody of the Federal Bureau of Prisons and is currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. Mr. Hatten filed a *pro se* motion, Plaintiff's Motion for Reconsideration of the Erroneous Ordered [sic] Rendered to Dismiss in Part Plaintiff [sic] Civil Action (Doc. # 27), on September 24, 2010. The Court must construe the motion liberally because Mr. Hatten is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Motion for Reconsideration (Doc. # 27), therefore, will be construed as a motion to reconsider and will be denied for the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Hatten filed the motion to reconsider within twenty-eight days after the Order to Dismiss in Part and to Assign Case to a District Judge and to a Magistrate Judge was entered in the instant action. The Court, therefore, finds that the motion to reconsider is filed pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon consideration of the motion to reconsider and the entire file, the Court concludes that the motion should be denied.

Mr. Hatten initiated this action by filing a prisoner complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that his constitutional rights had been violated. He was granted leave to proceed *in forma pauperis*. On April 8, 2010, Magistrate Judge Boyd N. Boland determined that the complaint was deficient because it failed to comply with the pleading requirements of Federal Rule of Civil Procedure 8 and failed to allege the personal participation of all named Defendants. Magistrate Judge Boland, therefore,

ordered Mr. Hatten to file an amended prisoner complaint within thirty days. Mr. Hatten submitted an amended prisoner complaint on April 27, 2010.

On May 14, 2010, Magistrate Judge Craig B. Shaffer determined that the amended complaint was deficient because it again failed to comply with the pleading requirements of Rule 8 and failed to allege the personal participation of all named Defendants. Magistrate Judge Shaffer, therefore, ordered Mr. Hatten to file a second and final amended prisoner complaint within thirty days. After receiving several extensions of time, Mr. Hatten filed a second amended complaint on August 17, 2010.

On September 1, 2010, District Judge Philip A. Brimmer reviewed the second amended complaint and determined that Mr. Hatten failed to allege the personal participation of Defendants Warden Sara Revell and Warden Blake R. Davis. Judge Brimmer concluded that Mr. Hatten appeared to be suing Defendants Revell and Davis because these Defendants allegedly were responsible for constitutional violations committed by other individuals, and because they denied administrative grievances filed by Mr. Hatten. Noting that the Tenth Circuit had repeatedly found "that 'the denial of . . . grievances alone is insufficient to establish personal participation in the alleged constitutional violations'" of other defendants, *Whitington v. Ortiz*, 307 Fed. Appx. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished decision) (quoting *Larson v. Meek*, 240 Fed. Appx. 777, 780 (10th Cir. June 14, 2007) (unpublished decision)), Judge Brimmer concluded that Mr. Hatten failed to establish an affirmative link between the alleged constitutional violations and Defendants Revell and Davis (Doc. # 24 at 4). Accordingly,

3

District Judge Brimmer entered an order dismissing Defendants Revell and Davis, and assigning the remaining case.

In the motion to reconsider, Mr. Hatten asserts that he alleged the personal participation of Defendants Revell and Davis in the second amended complaint, and therefore, that District Judge Brimmer's decision was a "manifest error of law or fact." (Doc. # 27 at 1.)

With respect to Defendant Revell, in the motion to reconsider, Mr. Hatten asserts that he can demonstrate her personal participation because he "had personally submitted inmate request(s) and verbally spoken with Ms. Revell personally requesting protective custody . . . ." (Doc. # 27 at 2.) However, these allegations differ from the allegations Mr. Hatten presented in the second amended complaint. In that pleading, Mr. Hatten makes a single reference to Ms. Revell in his first claim, which relates to an alleged assault by Defendant R. Andert. In his first claim, Mr. Hatten alleged that he "had no other recourse but to file an Administrative Remedy #496694-A1 to the Warden Sara Revell, in order to seek protected custody, and a unit change of housing away from R. Andert. Sara Revell failed to act [on his] request in accordance with BOP Policy 5270.07." (Doc. # 22 at 6.)

In the second amended complaint, Mr. Hatten did not assert that he spoke with Defendant Revell and "personally" requested protective custody from her, which appears to establish more clearly Defendant Revell's personal participation. Because Mr. Hatten did not include these allegations in his second amended complaint, the Court

4

finds that Judge Brimmer did not commit "clear error" when he dismissed Defendant Revell for Mr. Hatten's failure to allege her personal participation.  *See Servants of the Paraclete*, 204 F.3d at 1012.  Moreover, to the extent that Mr. Hatten now wishes to bring allegations against Defendant Revell that were not included in his second amended complaint, the Court notes that a motion to reconsider is not the proper vehicle for this.  Instead, Mr. Hatten may, if he desires, seek leave to file a third amended complaint.  The Court expresses no opinion as to whether it would be suitable to permit Mr. Hatten to file a third amended complaint, but merely notes that this would be the appropriate method to add additional allegations, and defendants, to Mr. Hatten's action.

Second, with respect to Defendant Davis, in the motion to reconsider, Mr. Hatten asserts that "out of retaliation . . . Defendants Blake R. Davis, Barker, Holland and Vigil, used false information to have Plaintiff transferred to the Federal Correctional Institution in Oakdale, Louisiana."  (Doc. # 27 at 3.)  Attached to the motion to reconsider, Mr. Hatten has provided a copy of a "Request for Transfer" written by Defendant Barker, and addressed to Defendant Davis.  Although not clear, Defendant Davis presumably approved Defendant Barker's request to transfer Mr. Hatten to a correctional institution in Louisiana.  However, in the second amended complaint, Mr. Hatten makes one reference to Defendant Davis, alleging the following:

> Plaintiff [sic] assert and contend that out of retaliation because Plaintiff refused to return back to general population after being assaulted by R. Andert for the third time, prison official(s) A. Barker, V. Vigil, J.C. Holland, Blake R. Davis, J. Chavez and J. Hammon, these prison official(s) did

> knowingly and intentionally combine, conspire, conferate [sic], and agreed with each other to prepare inordinated [sic] erroneous, spurious and fraudulent allegations of information of prison disciplinary infraction(s) on government documentation BP-A0935052 forms in order to get approved for transfer and designated to the multi-gang members special management unit.

(Doc. # 22 at 11-12.) Further, in the second amended complaint, while Mr. Hatten briefly referred to the "Request for Transfer" report prepared by Defendant Barker, he failed to attach a copy of the "Request" to the second amended complaint, and failed to indicate that Defendant Davis actually approved the request to transfer Mr. Hatten. Therefore, in the motion to reconsider, Mr. Hatten has again provided additional information regarding his claim against Defendant Davis that he failed to provide in the second amended complaint.

Moreover, as set forth previously, during the initial review of this *pro se* action pursuant to D.C.COLO.LCivR. 8.1(c), Mr. Hatten was provided several opportunities by Magistrate Judges Boland and Shaffer to clearly and concisely allege the personal participation of each named Defendant. Having reviewed the second amended complaint, the Court agrees that Mr. Hatten failed to clearly and concisely allege the personal participation of Defendant Davis because Mr. Hatten's single allegation against Defendant Davis consisted of a vague and conclusory reference to a conspiracy with many other defendants. Mr. Hatten failed to provide any supporting factual allegations, and failed to allege an affirmative link demonstrating that Defendant Davis actually participated in his transfer. Although in the motion to reconsider, Mr. Hatten has now, in clear and plain language, demonstrated the personal participation of Defendant Davis,

6

based upon the allegations in the second amended complaint, the Court finds no "clear error" in Judge Brimmer's order. *See Servants of the Paraclete*, 204 F.3d at 1012. Again, a motion to reconsider is not the proper vehicle for Mr. Hatten to clarify or amend his second amended complaint.

Accordingly, Mr. Hatten has not asserted any of the major grounds that would justify reconsideration in his case, and the motion to reconsider will be denied. *See Servants of the Paraclete*, 204 F.3d at 1012. Accordingly, it is

ORDERED that Plaintiff's Motion for Reconsideration of the Erroneous Ordered [sic] Rendered to Dismiss in Part Plaintiff [sic] Civil Action (Doc. # 27) is DENIED.

DATED at Denver, Colorado, this   5th   day of October, 2010.

BY THE COURT:

*(signature)*

_____
CHRISTINE M. ARGUELLO
United States District Judge