IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 10-cv-00601-CMA-MJW

TIMOTHY HATTEN,

    Plaintiff,

v.

R. ANDERT,
A. BARKER,
J.C. HOLLAND,
D.J. HARMON,
J. CHAVEZ,
M. WACKER,
V. VIGIL, and
B. EISCHEN,

    Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION TO RECONSIDER ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED <u>IN FORMA PAUPERIS</u>; AND ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME**

---

    Plaintiff Timothy Hatten is a prisoner in the custody of the Federal Bureau of Prisons and is currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. At the time of filing this matter, Plaintiff was incarcerated at the United States Penitentiary in Florence, Colorado. Plaintiff initiated this action by filing a *pro se* civil rights complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.

On April 2, 2010, Magistrate Judge Boyd N. Boland entered an order granting Mr. Hatten leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee. On October 1, 2010, Defendants Andert, Barker, Chavez, Wacker, Eischen and Vigil filed a "Motion to Reconsider Order Granting Plaintiff's Motion for Leave to Proceed <u>In Forma Pauperis</u>," (Doc. # 36) (the "Motion to Reconsider"). In the Motion to Reconsider, Defendants argue that Mr. Hatten has received at least five "strikes" under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). Therefore, Defendants assert that the Court should vacate the order granting Mr. Hatten leave to proceed *in forma pauperis* and direct him to pay the full filing fee.

In relevant part, § 1915 provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Review of the court records attached to the Motion to Reconsider indicates that Plaintiff has filed at least fifteen lawsuits in a court of the United States while he was incarcerated, and that at least three of these complaints have been dismissed as frivolous or for failure to state a claim. *See Hatten v. O'Donnell, et al.*, No. 96-cv-6441 (S.D. Fla. June 18, 1996) (dismissed pursuant to *Heck v. Humphrey*); *Hatten v. Kaplan*, No. 96-cv-418 (S.D. Fla. April 3, 1996) (dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6)); *Hatten v. Kaplan,* No. 96-cv-1851 (S.D. Fla. July

25, 1996) (dismissed as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Hatten v. O'Donnell, et al.*, No. 96-cv-1854 (S.D. Fla. July 31, 1996) (dismissed as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(ii)). Further, in light of these strikes, Defendants indicate that Plaintiff has been denied leave to proceed *in forma pauperis* in at least six different civil actions. *See Hatten v. Kaplan*, No. 97-cv-3657 (S.D. Fla. Jan. 5, 1998)*; Hatten v. Rogalsky, et al.*, No. 00-cv-797 (E.D. Tex. Dec. 12, 2000); *Hatten v. State of Florida Dep't of Highway Safety and Motor Vehicles*, No. 03-cv-80199 (S.D. Fla. April 23, 2003); *Hatten v. Fed. Bureau of Prisons, et al.*, No. 09-cv-1656 (W.D. La. Jan. 20, 2010); *Hatten v. Fed. Bureau of Prisons*, No. 09-cv-1657 (W.D. La. June 14, 2010); *Hatten v. Micieli, et al.*, No. 10-cv-507 (W.D. La. Aug. 24, 2010).

However, the Court may not deny Mr. Hatten leave to proceed *in forma pauperis* if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To determine whether Mr. Hatten is "under imminent danger of serious physical injury," the Court looks to the allegations in his second amended complaint. *See Ibrahim v. Dist. of Columbia,* 463 F.3d 3, 6 (D.C. Cir. 2006). In addition, the Court liberally construes the second amended complaint, accepting the allegations as true. *See Martinez v. Garden,* 430 F.3d 1302, 1304 (10th Cir. 2005) (noting that the court construes "a pro se complaint liberally" and "must accept the allegations of the complaint as true" (quotation omitted)). In order to meet the "imminent danger" requirement, "the harm must be imminent or occurring at the time the complaint is filed." *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003). In other words, allegations of

3

past injury or harm are insufficient, *see id.*, as are vague and conclusory assertions of harm, *see White v. Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). To fall within the exception, the Complaint must therefore contain "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added).

In his second amended complaint (Doc. # 22), Mr. Hatten generally asserts that excessive force was used against him while he was incarcerated at the United States Penitentiary in Florence, Colorado, approximately two years ago. He does not allege any ongoing harm arising from these past incidents. Further, on July 29, 2010, Mr. Hatten filed a notice of change of address with the Court, indicating that he had been recently transferred from the United States Penitentiary in Florence, Colorado to the United States Penitentiary in Lewisburg, Pennsylvania. Accordingly, Mr. Hatten is no longer in contact with the defendants that allegedly assaulted him. Based on the allegations in the second amended complaint, the Court finds that Mr. Hatten fails to allege "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin*, 319 F.3d at 1050. Accordingly, he cannot show that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Because Mr. Hatten fails to assert that he is in imminent danger of serious physical injury and because he has filed at least three actions in a federal court that

have been dismissed as either legally frivolous or for failure to state a claim, the order granting him leave to proceed pursuant to § 1915 will be vacated. If Mr. Hatten wishes to pursue his claims in this action he must pay the $350.00 filing fee pursuant to 28 U.S.C. § 1914(a). Mr. Hatten's failure to pay the $350.00 filing fee within thirty (30) days will result in the dismissal of this action without further notice.

Finally, the Court notes that on October 12, 2010, Mr. Hatten filed a "Motion Requesting to be Granted an Extention [sic] of Time to Filed [sic] Response to Defendant's Motion to Reconsider Order Granting Plaintiff's Motion for Leave to Proceed In Forma Pauperis," (Doc. # 41), in which he requests a forty-day extension of time. However, Mr. Hatten provides no basis for an extension of time. Although he states that he needs access to "legal material" in order to file a response, he does not contest that he has filed three or more cases in a court of the United States that have been dismissed as legally frivolous or for failure to state a claim. Neither does he allege that he is currently "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Therefore, the Court finds no grounds for granting a forty-day extension of time to respond to the Motion to Reconsider, and Mr. Hatten's Motion will be denied. Accordingly, it is

ORDERED that Defendants' Motion to Reconsider Order Granting Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. # 36) is GRANTED. It is

FURTHER ORDERED that Plaintiff's "Motion Requesting to be Granted an Extention [sic] of Time to Filed [sic] Response to Defendant's Motion to Reconsider

5

Order Granting Plaintiff's Motion for Leave to Proceed In Forma Pauperis," (Doc. # 41) is DENIED. It is

FURTHER ORDERED that the Order Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915 Without Payment of an Initial Partial Filing Fee (Doc. # 6) is VACATED. It is

FURTHER ORDERED that Mr. Hatten shall have **thirty days from the date of this Order** to pay the entire $350.00 filing fee if he wishes to pursue his claims in this action. It is

FURTHER ORDERED that, if Mr. Hatten fails to pay the entire $350.00 filing fee within the time allowed, the second amended complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that the only proper filing at this time is the payment of the $350.00 filing fee.

DATED at Denver, Colorado, this ___14th___ day of October, 2010.

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge