**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-00601-CMA

TIMOTHY HATTEN,

    Plaintiff,

v.

R. ANDERT,
A. BARKER,
J.C. HOLLAND,
D.J. HARMON,
J. CHAVEZ,
M. WACKER,
V. VIGIL, and
B. EISCHEN,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff Timothy Hatten is a prisoner in the custody of the Federal Bureau of Prisons (BOP) and is currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. Mr. Hatten filed a *pro se* motion titled, "Plaintiff's Motion for Reconsideration of this Honorable Court Ordered [sic] Entered Granting Defendants' Motion to Reconsider Order Granting Plaintiff's Motion to Proceed In Forma Pauperis," on October 29, 2010.

The Court must construe the motion liberally because Mr. Hatten is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The "Motion for Reconsideration of this Honorable Court

Ordered [sic] Entered Granting Defendants' Motion to Reconsider Order Granting Plaintiff's Motion to Proceed In Forma Pauperis," therefore, will be construed as a motion to reconsider and will be denied for the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  Mr. Hatten filed the motion to reconsider within twenty-eight days after the order granting Defendants' motion to reconsider was entered in the instant action. The Court, therefore, finds that the motion to reconsider is filed pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Upon consideration of the motion and the entire file, the Court concludes that the motion to reconsider should be denied.

Plaintiff initiated this action by filing a *pro se* civil rights complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. On April 2, 2010, Magistrate Judge Boyd N. Boland entered an order granting Mr. Hatten leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.  On October 1, 2010, Defendants Andert, Barker, Chavez,

Wacker, Eischen and Visil filed a "Motion to Reconsider Order Granting Plaintiff's Motion for Leave to Proceed In Forma Pauperis." In that motion, Defendants argued that Mr. Hatten had received at least five "strikes" under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). Therefore, Defendants asserted that the Court should vacate the order granting Mr. Hatten leave to proceed *in forma pauperis* and direct him to pay the full filing fee. On October 14, 2010, the Court entered an order granting Defendants' Motion to Reconsider and vacating the order granting Mr. Hatten leave to proceed *in forma pauperis*. The Court further ordered Mr. Hatten to pay the entire $350.00 filing fee within thirty days if he wished to pursue his claims in this action.

Mr. Hatten now seeks reconsideration of the order granting Defendants' motion to reconsider. As grounds, Mr. Hatten alleges that he is experiencing "ongoing harm of imminent danger of serious physical injury from past incident for erroneously being approved and designated to participate in the multi-gang member special management unit . . . ." Motion to Reconsider at 4. He alleges that he is currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania, which is "consider[ed] by BOP prison officials as the worse [sic] of the worse [sic] that house[s] the most dangerous prisoners in the BOP that [have] received prison disciplinary infraction(s) for assaults . . . ." *Id.* at 8. He further asserts that he was assaulted by another inmate at the USP Lewisburg on September 29, 2010, but that he "only received minor bruises and scratches." *Id.* at 9.

The Court may not deny Mr. Hatten leave to proceed *in forma pauperis* if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  In order to meet the "imminent danger" requirement, "the harm must be imminent or occurring at the time the complaint is filed."  *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003). In other words, allegations of past injury or harm are insufficient, *see id.*, as are vague and conclusory assertions of harm, *see White v. Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998).  To fall within the exception, the Complaint must therefore contain "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added).  Mr. Hatten's allegation that he was involved in a single altercation with another inmate and his belief that the USP Lewisburg is a dangerous facility do not demonstrate "a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  *Id.*  Mr. Hatten has failed to demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Therefore, Mr. Hatten has not asserted any of the major grounds that would justify reconsideration in his case, and the motion to reconsider will be denied.  *See Servants of the Paraclete*, 204 F.3d at 1012.  Mr. Hatten must pay the full $350.00 filing fee pursuant to 28 U.S.C. § 1914(a) if he wishes to pursue his claims in this action.  The Court will provide Mr. Hatten additional time to submit the $350.00 filing fee, but Mr.

Hatten is warned that his failure to pay within the time provided will result in the dismissal of this action without further notice. Accordingly, it is

ORDERED that "Plaintiff's Motion for Reconsideration of this Honorable Court Ordered [sic] Entered Granting Defendants' Motion to Reconsider Order Granting Plaintiff's Motion to Proceed In Forma Pauperis," (Doc. # 43) is DENIED. It is

FURTHER ORDERED that Mr. Hatten shall have **thirty days from the date of this Order** to pay the entire $350.00 filing fee if he wishes to pursue his claims in this action. It is

FURTHER ORDERED that if Mr. Hatten fails to pay the entire $350.00 filing fee within the time allowed, the second amended complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that the only proper filing at this time is the payment of the $350.00 filing fee.

DATED at Denver, Colorado, this  5th  day of   November  , 2010.

BY THE COURT:

*Christine M. Arguello*

CHRISTINE M. ARGUELLO
United States District Judge