IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 10-cv-00601-CMA-MJW

TIMOTHY HATTEN,

    Plaintiff,

v.

R. ANDERT,
A. BARKER,
J.C. HOLLAND,
D.J. HARMON,
J. CHAVEZ,
M. WACKER,
V. VIGIL, and
B. EISCHEN,

    Defendants.

## ORDER REGARDING MOTION TO HOLD APPEAL IN ABEYANCE

    This matter is before the Court on Plaintiff's motion to hold his appeal in abeyance and to reconsider its denial of Plaintiff's motion for reconsideration (Doc. # 54).

    Plaintiff filed a notice of appeal on December 10, 2010. (Doc. # 49.) Normally, this event would divest the Court of jurisdiction to consider Plaintiff's motion. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (*per curiam*) ("The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.")

In this case, however, the notice of appeal was deficient.  Plaintiff neither paid the filing fee nor moved for leave to proceed on appeal pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24.  (*See* Doc. ## 49, 50, 53.)  In docketing Plaintiff's appeal, the Tenth Circuit's Clerk of Court observed that Plaintiff, as with all prisoners, must pay the full filing fee.  (Doc. # 51.)  The Clerk further observed that "[t]he district court will review your application to proceed on appeal without prepayment of fees.  Until the district court enters an order, proceedings on appeal are suspended."  (Doc. # 51.)  Given that suspension, the Court assumes jurisdiction to consider this motion.

In his motion, Plaintiff states that "the only reason Plaintiff filed the Notice of Appeal were due to the erroneous Court Order entered [Doc. # 46] which contradicted the previous Court Order[.]"  (Doc. # 54 at 2.)  Upon review, the Court acknowledges it dismissed Plaintiff's case prematurely.  On November 5, 2010, it gave Plaintiff thirty days to pay the filing fee.  (Doc. # 44 at 5).  Yet on November 17, well before the thirty days had expired, the Court dismissed the case for Plaintiff's failure to pay the fee.  (Doc. # 46.)  The Court, therefore, erred in dismissing the case when it did.  To remedy its mistake, the Court will take the following steps.

First, the Court vacates its order dismissing the case (Doc. # 46). It also vacates its order denying Plaintiff's motion for reconsideration, which was denied for lack of jurisdiction in light of the notice of appeal.  (Doc. ## 47, 52.)  Given the suspension of appellate proceedings, the Court does have jurisdiction to consider this motion.

Upon consideration of the merits of the Plaintiff's motion for reconsideration (Doc. # 47), the Court denies the motion on its merits.  In the motion, Plaintiff does not ask the Court for an extension of time to pay the filing fee; rather, he askd the Court to waive

the fee altogether.  (*See id.*)  The Court, however, has already considered and reconsidered this issue.  (Doc. ## 42, 44).  As discussed in its previous orders, under 28 U.S.C. § 1915(g), Plaintiff must pay the full filing fee unless he is under "imminent danger of serious physical injury."  The Court determined he was not and, thus, ordered him to pay the full filing fee.  He was given thirty days from November 5, 2010 to do so.  Now, more than two months later, Plaintiff still has not paid the fee.  Because of this failure, the Court dismisses Plaintiff's case without prejudice.  The Court orders as follows:

- The Court's Order dismissing the case (Doc. # 46) is VACATED.
- With respect to Plaintiff's motion to hold the appeal in abeyance (Doc. # 54), to the extent Plaintiff asks the Court to reconsider its denial of Plaintiff's motion for reconsideration, the motion is GRANTED.  It is otherwise DENIED.
- The Court's Order denying Plaintiff's motion for reconsideration for lack of jurisdiction (Doc. # 52) is VACATED.
- Plaintiff's motion for reconsideration (Doc. # 47) is DENIED on the merits.
- Plaintiff's case is DISMISSED without prejudice.

DATED:  January  13 , 2011

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge